# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 30, 2011

No. 10-50521
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAMUEL SEVILLA-RODRIGUEZ, also known as Samuel Ortiz-Savillon, also known as Samuel S. Rodriguez, also known as Oscar Homusor,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:09-CR-879-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Samuel Sevilla-Rodriguez appeals the 41-month sentence imposed in connection with his guilty plea conviction for illegal reentry. He argues that his sentence is unreasonable because it is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). Specifically, Sevilla-Rodriguez contends that the illegal reentry guideline produces excessive sentences because it is not empirically based and overstates a defendant's criminal history and that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines range did not adequately reflect his motive for reentering the country (reuniting with his son), his solid work history, or that this was his first illegal reentry offense.

Sevilla-Rodriguez's sentence is at the low end of the properly calculated guideline range and is presumptively reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.) (rejecting the argument that a guidelines illegal reentry sentence was unreasonable because the guideline is not empirically based and emphasizes a defendant's criminal history), *cert. denied*, 130 S. Ct. 378 (2009). As Sevilla-Rodriguez concedes, his argument that the presumption should not apply is foreclosed. *United States v. Mondragon-Santiago*, 564 F.3d 357, 367 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). Sevilla-Rodriguez has not rebutted the presumption that his within-guidelines sentence is reasonable. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). The district court did not abuse its discretion in sentencing Sevilla-Rodriguez to 41 months of imprisonment. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

AFFIRMED.